UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND HUNT,<br>CDCR #F-45185,<br><br>                        Plaintiff,<br><br>    vs.<br><br>Dr. JOSE OTERO;<br>Dr. BRUCE FOERSTER,<br><br>                        Defendants. | Case No.:  3:15-cv-2885-BEN-BGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii) AND**<br>**28 U.S.C. § 1915A(b)(1)**<br><br>**(ECF No. 4)** |

RAYMOND HUNT ("Plaintiff"), a prisoner currently incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, is proceeding pro se in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I.    Procedural History**

On March 28, 2016, the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), but dismissed his Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff has since filed a First Amended Complaint (ECF No. 4).

///

1

## II.     Initial Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

### A.     Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "When there are

well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Plaintiff's Amended Complaint

Plaintiff contends, as he did in his original Complaint, that Dr. Jose Otero, a surgeon at Alvarado Hospital, performed surgery on his left index finger on April 16, 2012, two weeks after he broke it at CAL on April 2, 2012. (ECF No. 4 at 4 ¶¶ 1-2.) Dr. Otero removed the cast during a follow-up examination, instructed Plaintiff to soak his hand in warm water, and told him "with time he would be able to bend it and make a fist again." (*Id.* ¶¶ 4-6.) Plaintiff later received physical therapy, "but noticed no progress," therefore, he was examined again by Dr. Otero on June 11, 2012, via video conference. (*Id.* at 4-5 ¶¶ 7-8.) Plaintiff claims Dr. Otero told him the surgery was "successful" and recommended more physical therapy, but noted that his finger "would remain extended for the rest of his life." (*Id.* at 5 ¶ 9.)

///

After Plaintiff's physician and physical therapist at CAL later agreed his finger appeared misaligned, Dr. Otero examined Plaintiff again on July 23, 2012. This time, Otero offered to remove the metal plate he had previously inserted into Plaintiff's finger, but believing that the finger would still not bend "because of the surgical scar over the left index knuckle," Otero refused to perform further reconstructive surgery on grounds that "it would only make it worse." (*Id.* at 5-6 ¶¶ 13-14.)

Plaintiff claims he remained in pain and was unable to move his left finger until May 30, 2013, when he alleges Dr. Foerster, another surgeon at Alvarado, performed a second surgery on his left index finger. (*Id.* at 8 ¶¶ 16, 17.) A few days later, on June 2, 2013, Plaintiff claims the dressing on his hand was "soaked in blood" and he noticed "no sutures closing [his] incision." (*Id.* ¶¶ 18, 19.) Plaintiff claims the "open surgical incision exposed [his] flesh and bone," was "extreme[ly] pain[ful]," and became infected, for which he was treated with antibiotics. (*Id.* ¶¶ 20-22.)

Plaintiff alleges he remains unable to move his left index finger or "use it in a meaningful manner," and contends that both Dr. Otero's and Dr. Foerster's "surgeries were inadequate and below the standards of adequate medical treatment pursuant to the Eighth Amendment." (*Id.* at 9 ¶ 24.)

**C.    42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

**D.    "Under Color of State Law"**

Plaintiff continues to allege, as he did in his original Complaint, that both Dr. Otero and Dr. Foerster were acting under contract with the California Department of

Corrections and Rehabilitation when they performed surgery at Alvarado Hospital on his left index finger in April 2012 and May 2013. (ECF No. 4 at 2, 4, 8.)

"[P]rivate physician[s] or hospital[s]," like Drs. Otero and Foerster "act under color of law for purposes of § 1983," when they, as Plaintiff alleges in his Amended Complaint, provide medical care as "private contractors" on behalf of the CDCR for inmates within its custody. *See West*, 487 U.S. at 49-50; *see also Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state . . . to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private . . . hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983.").

### E. Eighth Amendment Inadequate Medical Care

Plaintiff further claims the injury to his left index finger "was sufficiently serious" and contends "both surgeries" performed by Dr. Otero and Dr. Foerster "were inadequate and [fell] below the standards of adequate medical treatment" required by the Eighth Amendment because both Drs. "knew and disregarded the risk." (ECF No. 4 at 9 ¶¶ 24-26.)

Medical officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Peralta v. Dillard*, 744 F.3d 1076, 1080-81 (9th Cir. 2014). A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). A prison official is deliberately indifferent to that need if he "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The facts alleged in Plaintiff's Amended Complaint, like his original, are sufficient to plausibly show that his broken index finger presented an objectively serious medical

need.  *See McGuckin*, 974 F.2d at 1059; *Thompson v. Shutt*, No. 1:09-CV-01585 LJO, 2011 WL 674049, at *3 (E.D. Cal. Feb. 16, 2011) (finding a broken finger requiring "urgent surgery" constituted a serious medical need); *Atkins v. Brewer*, No. 1:07-CV-01027 OWW, 2009 WL 29873, at *4 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need"); *cf. Jett*, 439 F.3d at 1096 n.1 (noting undisputed fact that a fractured thumb was a serious medical need).

However, even assuming Plaintiff's finger fracture was sufficiently serious, his First Amended Complaint still fails to include sufficient "factual content" to show that either Alvarado Hospital surgeon acted with "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1060; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678.

As currently pleaded, Plaintiff's claims against Dr. Otero and Dr. Foerster plainly sound in negligence; in fact, he claims the medical care they provided in an attempt to repair his broken finger, which included two separate surgeries "fell below the standard[] . . . of care."  (ECF No. 4 at 9 ¶ 24.)  And while he cites the Eighth Amendment as the legal basis of his claim, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Deliberate indifference is a high legal standard.  A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff contends only that Dr. Otero and Dr. Foerster "were well aware of [his] need to have his left . . . index finger realigned," that he is dissatisfied with either their decisions or his surgical results, and he seeks to hold them liable because he remains unable to move his finger correctly or "use it in a meaningful manner."  (ECF No. 4 at 9 ¶¶ 23, 30.)  However, "Eighth Amendment doctrine makes clear that '[a] difference of opinion between a physician and the prisoner—or between medical professionals— concerning what medical care is appropriate does not amount to deliberate indifference.'" *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Snow v. McDaniel*,

681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta*, 744 F.3d at 1083.).  As the Court noted in its March 28, 2016 Order, to sufficiently allege deliberate indifference, Plaintiff's pleading must include facts to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Hamby,* 821 F.3d at 1092 (citing *Snow*, 681 at 987).  Plaintiff's Amended Complaint fails to do so.

Thus, the Court finds Plaintiff's mere dissatisfaction with his surgical results does not suffice to violate the Eighth Amendment and his Amended Complaint still lacks the "further factual enhancement" to demonstrate that either Dr. Otero or Dr. Foerster committed "purposeful act[s] or fail[ed] to respond to [his] pain or possible medical need."  *Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096); *see also Campos v. Srivastava*, No. 1:10–cv–641–LJO MJS, 2012 WL 1067168, at *3 (E.D. Cal. Mar. 28, 2012) ("[A] doctor is not a warrantor of cures or required to guarantee results."); *Robinson v. Greer*, No. 89 C 20083, 1989 WL 57783, at *1 (N.D. Ill. Apr. 13, 1989) (finding prisoner failed to state a claim of deliberate indifference under the Eighth Amendment where officials were alleged to have "shuffled" the plaintiff, who complained of "spurs on the vertebrae in his neck, a deteriorating disc in his lower back, and gastric problems of an undetermined nature," between doctors for "various tests and x-rays," and to have provided "different kinds of medications, all to no avail," because "[t]he Constitution does not guarantee a cure for a prisoner's ailments.").

For these reasons, Plaintiff's Amended Complaint still fails to state an Eighth Amendment inadequate medical care claim against either Dr. Otero or Dr. Foerster, and therefore, it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

///

///

### III. Conclusion and Order

For all the reasons discussed, the Court:

1) **DISMISSES** Plaintiff's Amended Complaint (ECF No. 4) for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **DENIES** further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend);

3) **CERTIFIES** that an appeal of this final Order of dismissal would be frivolous and, therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

**IT IS SO ORDERED**.

Dated: September 19, 2016

Hon. Roger T. Benitez
United States District Judge